Shen v. Lynch

BIA
Nelson, IJ
A200 173 943

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 31st day of August, two thousand sixteen.

PRESENT:
>      JON O. NEWMAN,
>      DENNIS JACOBS,
>      GERARD E. LYNCH,
>           *Circuit Judges.*

_____

SONGSHU SHEN,
>      *Petitioner,*

>      v.                                              15-2368
                                                       NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
>      *Respondent.*

_____

FOR PETITIONER:            David A. Bredin, Flushing, N.Y.

FOR RESPONDENT:            Benjamin C. Mizer, Principal Deputy
                           Assistant Attorney General; Anthony
                           P. Nicastro, Acting Assistant
                           Director; Vanessa M. Otero, Trial
                           Attorney, Office of Immigration
                           Litigation, United States
                           Department of Justice, Washington,
                           D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Songshu Shen, a native and citizen of the People's Republic of China, seeks review of a June 26, 2015, decision of the BIA, affirming a November 20, 2013, decision of an Immigration Judge ("IJ") denying Shen's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").  *In re Songshu Shen,* No. A200 173 943 (B.I.A. June 26, 2015), *aff'g* No. A200 173 943 (Immig. Ct. N.Y. City Nov. 20, 2013).  We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the IJ's decision as modified by the BIA.  *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005).  The applicable standards of review are well established.  8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008).

For asylum applications like Shen's, governed by the REAL ID Act, the agency may, "[c]onsidering the totality of the

2

circumstances," base a credibility finding on an asylum applicant's "demeanor, candor, or responsiveness," and inconsistencies in her or her witness's statements, "without regard to whether" those inconsistencies go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64. "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167. As discussed below, substantial evidence supports the adverse credibility determination.

The agency reasonably rested its adverse credibility determination on omissions from Shen's application concerning the only incident of persecution she alleged. *Id.* at 166-67 & n.3 ("An inconsistency and an omission are . . . functionally equivalent" for credibility purposes). Shen testified that a police officer smashed a book on her head and five other inmates beat her while detained. When asked why her application omitted these details, Shen responded that she considered being hit with the book less serious than what she had included in her application and that being beaten by the other inmates was

3

too "horrible for [her] to even recall."  The agency, however, was not required to credit Shen's explanations.  *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be compelled to credit his testimony." (internal quotation marks and citation omitted)).

The agency also did not err in concluding that Shen's corroborating evidence was insufficient to rehabilitate her credibility.  *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) (recognizing that "[a]n applicant's failure to corroborate his . . . testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question" or is viewed as suspicious).  The agency reasonably gave diminished weight to Shen's mother's letter: it was inconsistent with Shen's testimony concerning when Shen started attending church in China, not notarized, and from an interested witness not subject to cross examination. *See Matter of H-L-H- & Z-Y-Z-*, 25 I. & N. Dec. 209, 215 (B.I.A. 2010), *rev'd on other grounds by Hui Lin Huang v. Holder*, 677

4

F.3d 130 (2d Cir. 2012); *see also Y.C. v. Holder*, 741 F.3d 324, 334 (2d Cir. 2013). The agency also reasonably found suspicious the absence of any testimony or statement from Shen's husband. *See Biao Yang*, 496 F.3d at 273. Although Shen explained that her husband could not miss work and that she believed only persons with legal status could testify, this did not account for the absence of a statement. *Cf.* 8 U.S.C. § 1252(b)(4) ("No court shall reverse a determination made by a trier of fact with respect to the availability of corroborating evidence . . . [unless] a reasonable trier of fact is compelled to conclude that such corroborating evidence is unavailable.").

Given the foregoing omissions and Shen's insufficient corroborating evidence, the totality of the circumstances supports the credibility ruling. *Xiu Xia Lin*, 534 F.3d at 167. The omissions relate to substantial aspects of the sole incident of past alleged persecution. Because Shen's claims for relief were based on the same factual predicate, the adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief. *Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk